## CASE MANAGEMENT ORDER

**This case management order governs the case referenced in the above ECF header. The parties must file all submissions electronically and will only receive correspondence from the Court electronically. It is the responsibility of the parties to confirm that their contact information and e-mail addresses are correct and kept up to date throughout the pendency of the case, as well as to regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court.**

The Initial Conference in the case will be held on the date and time indicated on the docket. Prior to the Initial Conference, the parties must hold their Rule 26(f) conference and complete the attached Case Management Worksheet, as detailed below. **Counsel for all parties must be present at the Initial Conference.**

**Plaintiff's counsel is respectfully directed to confirm with Defendant's counsel that all necessary participants are aware of the Initial Conference.** In the event an answer or notice of appearance by defense counsel has not yet been filed at the time this Order is received, Plaintiff's counsel is to notify counsel for the Defendant of this conference. **Requests for adjournments will not be considered unless made at least forty-eight (48) hours before the scheduled conference.**

### I.    Rules Governing Discovery

**Prior to the Initial Conference, the parties are to comply with the requirements of Fed. R. Civ. P. 26(f).** As required by the Federal Rules of Civil Procedure, counsel shall, as soon as possible and in any event at least five days before the Initial Conference, meet to discuss the nature and basis of their claims and defense, the possibilities for a prompt settlement, arrangements for their initial disclosures under Rule 26(a)(1), and the contents of a proposed discovery plan, including the matters set forth in Rule 26(f)(3)(A)–(F). *See* Fed. R. Civ. P. 26(f).

Counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining, and producing that data; (2) whether any party will rely upon expert testimony, and if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular, whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained; and (3) the scope of any anticipated protective order, including whether to address inadvertent disclosure of privileged information therein, pursuant to Rule 502 of the Federal Rules of Evidence.

**Automatic disclosures under Rule 26(a)(1) are required.** At least two days prior to the Initial Conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to disputed facts, and otherwise comply with all of the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Additional discovery may commence prior to the Initial Conference. Parties may serve document requests prior to the Rule 26(f) conference, and the requests are deemed served on the date of the conference. *See* Fed. R. Civ. P. 26(d)(2) and 34(b)(2)(A).

## II.    Preparation of a Discovery Plan

To assist in discovery, the Court has included in this Order a Case Management Worksheet that must be completed and submitted to the Court via ECF, at least eight (8) days prior to the conference. The Worksheet sets forth a date for completion of all discovery. The parties are directed to establish reasonable interim discovery deadlines to meet the needs of their case.

**Phase I Discovery** consists of the information that the parties believe needs to be exchanged before a reasoned settlement discussion can take place. In some cases, this may consist of the initial disclosures; in other cases, more extensive exchanges of information may be required. This phase of discovery should be tailored to avoid expense and delay and with the recognition that parties may have to consider resolution with incomplete information. This phase of discovery will presumptively require no more than 60 days. **Phase II Discovery** represents the balance of discovery required to prepare for trial.

At the conference, the Court will consider the parties' suggested deadlines and, upon consideration of the needs of the case and the rules and practices of the assigned District Judge, enter an appropriate scheduling order. Should the parties believe the case requires a non-phased discovery approach, the parties shall submit a full report as required under Rule 26 and a proposed schedule for the Court's consideration. **Once a scheduling order has been entered, discovery deadlines will be enforced and amendments to the schedule will be considered only for good cause.**

As required by Local Civil Rule 26.4, the parties and counsel are expected to work cooperatively during all aspects of discovery, including in matters relating to scheduling and timing of various discovery procedures.

## III.    Initial Conference

To ensure that the Initial Conference is meaningful and serves its purpose under the Federal Rules of Civil Procedure, an attorney who has entered an appearance on ECF and who is familiar with the details of the case must appear at the conference. The Court does, however, encourage the participation of relatively inexperienced attorneys, provided that they possess the authority to commit to a discovery schedule.

Counsel shall be fully prepared to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement. At the Initial Conference, counsel shall be prepared to stipulate to facts as to which there is no genuine dispute: e.g., the time and place of events that are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

The parties should review the attached information sheet regarding the Court's Alternative Dispute Resolution Program.

## IV.    Production of Documents and Privilege Logs

The parties are reminded of their responsibilities regarding the production of documents under Fed. R. Civ. P. 34(b)(2)(E). Should a party withhold documents on grounds of privilege, such party must provide a privilege log that sets forth the information required by Local Civil Rule 26.2(a)(2)(A).

## V.    Individual Rules & Discovery Disputes

It is the responsibility of the parties to comply with the Individual Rules of the District Judge assigned to this case, as well as the undersigned Magistrate Judge, including those relating to sealed documents, pro se parties, and courtesy copies. In addition, to the extent that discovery disputes arise during the course of litigation, the parties are required to make a good faith effort to resolve disputes before making any discovery motion. *See* Fed. R. Civ. P. 37(a)(1). Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v) and Section 3 of Judge Merkl's individual rules, no motion under Rules 26 through 37, inclusive, of the Federal Rules of Civil Procedure will be heard unless counsel for the moving party has first requested an informal conference with the Court in a joint letter of no more than five pages.

**SO ORDERED.**

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

3

Case Name: _____    Case Number: ___-CV-_____(___) (TAM)

| CASE MANAGEMENT WORKSHEET | |
|---|---|
| **Preparation for Initial Conference** | |
| **Rule 26(f) conference held?** | Date: |
| **Deadline for Rule 26(a) initial disclosures and any HIPAA-compliant records authorizations:** | |
| **Procedures discussed for producing Electronically Stored Information (ESI)?** | Yes ☐  No ☐  N/A |
| **Confidentiality Order to be submitted for Court approval?** | Yes ☐  No ☐  N/A |
| **Anticipated number of depositions:** | Plaintiff(s):<br><br>Defendant(s): |
| **First requests for production of documents and for interrogatories due by:** | |
| **Proposed Deadlines for Pre-Settlement Discovery (Phase I)** | |
| **Agreed upon completion date for Phase I Discovery:**<br>(Reciprocal agreed upon document production and other discovery necessary for a reasoned consideration of settlement. Presumptively 60 days after Initial Conference.) | |
| **Date for pre-settlement status conference with counsel:**<br>(Proposed date to report the parties' preparedness for mediation or a settlement conference. Presumptively 10-15 days after the completion of Phase I Discovery.) | |
| **Proposed Deadlines for Discovery and Motion Practice (Phase II)** | |
| **Deadline to join new parties or amend pleadings as of right:**<br>(Presumptively 15 days after initial settlement conference) | |
| **All fact discovery completed by:**<br>(Presumptively 3.5 months after first requests for documents/interrogatories) | |
| **Joint status report certifying close of fact discovery:** | |
| **Anticipated number of expert reports:** | Plaintiff(s):<br><br>Defendant(s): |

| | | |
|---|---|---|
| **Exchange of expert disclosures completed by:** <br> (Presumptively 30 days after fact discovery) | | |
| **Expert depositions completed by:** <br> (Presumptively 30 days after initial expert disclosures) | | |
| **Exchange of rebuttal expert reports by:** <br> (Presumptively 30–45 days after initial expert disclosures) | | |
| **All expert discovery completed by:** | | |
| **CERTIFICATION OF THE COMPLETION OF ALL DISCOVERY BY:** <br> (Presumptively 9 months after Initial Conference) | | |
| **Final date to take first step in dispositive motion practice:** <br> (Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days after completion of all discovery.) | | |
| **Do the parties wish to be referred to EDNY's mediation program pursuant to Local Rule 83.8?** | Yes ☐ | No ☐ |
| **Do the parties consent to trial before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)?** <br> (The fillable consent form may be found at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. Consenting does not affect a party's right to a jury trial.) | Yes ☐ | No ☐ |

SO ORDERED:

_____                                 _____
**TARYN A. MERKL**                                                                          **DATE**
United States Magistrate Judge

**EASTERN DISTRICT OF NEW YORK**

**Alternative Dispute Resolution**

## Program Overview

**Arbitration**

- o Governed by Local Civil Rule 83.7
- o Compulsory arbitration for all civil cases (excluding Social Security cases, tax matters, prisoners' Civil Rights cases and any action based on an alleged violation of a right secured by the Constitution of the United States or if jurisdiction is based in whole or in part on Title 28 U.S.C. § 1343) where damages do not exceed $150,000 (exclusive of interests and costs).
  - If the amount exceeds $150,000 a judge may suggest that the parties consider arbitration (it is not compulsory). Note: the award cannot exceed $150,000.
- o After an answer is filed in an eligible case, our Arbitration Clerk Rita Credle sends a notice to counsel setting the date of an arbitration hearing.
  - The hearing takes place approximately four months (but not more than 120 days) after the answer is filed.
  - If there is a motion to dismiss the complaint, a motion for summary judgement, a motion for judgment on the pleadings, or a motion to join necessary parties – the arbitration should take place at least 30 days after the disposition (unless the parties consent to an early date).
  - The 30- and 120-day periods can be modified by the court for good cause.
  - The arbitration notice advises counsel that they have 90 days to complete discovery (unless the judge orders otherwise).
  - The arbitrator may change the date of the hearing as long as it's within 30 days of the original date.  A judge must approve a request to schedule the hearing beyond that 30-day period.
  - The Federal Rules of Evidence serve as a guide in arbitration.  Attendance at the arbitration hearing and the production of documents may be compelled by subpoena.  Testimony is given under oath and witnesses may be cross-examined.
  - A monetary award is issued by the arbitrator after the hearing.  Parties have 30 days after the award is issued to request a trial de novo.  The award is entered as the judgement of the court after the 30-day period has lapsed.  An arbitration award has the same force and effect as a judgment of the court, except that is not appealable.
- o Additional Resources:
  - Arbitration Page
  - List of Arbitrators
  - Forms for Arbitrators
    - o Arbitration Award
    - o Arbitration Request for a Trial De Novo

**Mediation**

- o Governed by Local Civil Rule 83.8
- o Magistrate and District Judges may refer cases to mediation.
  - Parties may request to be referred to mediation, and if the judge so orders, the case is referred into the program.
- o The referral to mediation typically includes the date the mediator should be selected, the date the mediation should be completed by, and the date the report of the outcome of the mediation should be filed.
- o The ADR Office monitors these deadlines.
- o After the case is referred to mediation, instructions are posted on the docket directing the parties to select a mediator from the searchable mediator database.  Once selected, the parties are directed to file the name of the mediator and the date, time, and place of the initial mediation session on the docket.
- o When the parties select their mediator, they are directed to send mediation statements to the mediator at least 14 days before the initial mediation session.
- o Mediators are compensated by the parties at a reduced rate ($600 for the first hours and $250 for each additional hour, excluding time spent preparing for the mediation).  The parties share the cost of the mediation.
- o If the parties provide the referring judge with a reason why they cannot afford to pay the mediator, the judge may in her/his discretion grant a fee waiver pursuant to rule 83.8(f)(1).  The ADR Administrator will then locate a mediator who will provide their services free of charge.
- o Mediation is a confidential process, and the parties sign a confidentiality stipulation prior to attending the initial session.  Confidentiality extends to any written or oral communication made in connection with the mediation.
- o Parties may request additional mediation sessions.  The parties or mediator will alert the ADR Office, and a note will be made of the continued mediation.
- o At the conclusion of mediation, the parties report whether an agreement was reached.  This outcome is recorded on the docket as "Mediation Settlement Reached" or "Mediation Settlement Not Reached."

Related Programs: Mediation Advocacy Program

- o The Mediation Advocacy Program offers pro se litigants pro bono limited scope representation for the duration of mediation.  In some instances, pro bono counsel may also be assigned to represent pro se litigants during a settlement conference.  In either instance, the pro bono attorney's representation terminates at the end of the mediation/settlement conference.
- o MAP Advocates accept cases involving Employment Discrimination and claims arising under 42 U.S.C. § 1983.  In rare instances, we have also provided counsel in FLSA cases for pro se defendants.
- o While we make every effort to locate counsel, we cannot guarantee representation as it depends upon attorney availability.

- o Additional Resources:
  - Mediation Page
  - Mediator Searchable Database
  - Mediation Resource for Pro Se Parties

- Mediation Confidentiality Stipulation
- Mediation Advocacy Program

If you have any questions, please do not hesitate to contact me.

Danielle B. Shalov, Esq.
ADR Administrator
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
(718) - 613-2578 danielle_shalov@nyed.uscourts.gov